*Frederick A. Ward,* for plaintiffs.    *L. Laflin Kellogg,* for defendant.

DYKMAN, J.    This action was brought to charge the defendant, as a stockholder in the Waverly Publishing Company, with a portion of the indebtedness of the company to the plaintiffs, upon the ground that, when the debt was contracted, the capital stock of the company had not been paid in, and the certificate thereof made and recorded as required by law.    The proof adduced upon the trial was sufficient to charge the plaintiff as such stockholder. He was the holder of 20 shares of stock when the debt was contracted, and judgment had been obtained in favor of the plaintiffs against the corporation for the indebtedness; and, when the contract upon which the indebtedness arose was made, the stock had not been paid in, nor had the certificate of such payment been filed.    The defense to the action is what is termed equitable offset; that is, the defendant claimed to be a creditor of the company in an amount equal to the original amount of his stock.    It appeared that the defendant had purchased two judgments against the company, but it did not appear that he had paid for such judgments the full amount for which they were recovered and held against the company, and he did not, therefore, bring himself within the rules of law enabling a defendant in such cases to interpose the defense of an equitable offset.    If the stockholder, sued for the indebtedness of the corporation, can show, in his defense, that he has paid, on account of the debt of the corporation, or has become an honest creditor of the corporation in a sum equal to the liability which a statute has imposed upon him, namely, the amount of his stock, he will, so far as that remedy is concerned, have defeated the action; but, such a defense being one of an equitable character, it is essential to its maintenance to establish that the defendant, and the creditor by whom he is sued, stand upon an equality. But that cannot be made to appear by simply showing that the defendant became possessed of a judgment against the company, because, when the defendant buys such a claim, and neither puts anything into the treasury, nor relieves the corporation from any liability, he should not be permitted to offset his demand upon the company against a creditor's demand upon him as a stockholder.    The defendant, therefore, failed in his defense.    The motion to dismiss the complaint was properly denied.    The exceptions should be overruled, and judgment should be rendered for the plaintiff upon the verdict.

---

POOLE *v.* HAYES.

*(Supreme Court, General Term, Second Department.    June 25, 1888.)*

PLEADING—AMENDMENT—PRACTICE.
Where no motion is made on the trial to amend the complaint, and there is no order for such amendment, but only a statement by the judge that he would allow it, and after appeal from the judgment, and reversal by the general term, plaintiff's attorney serves on defendant's attorney a proposed order for amendment, without any motion made for such amendment, which order is subsequently allowed, the practice is misleading, and the order should be reversed.

Appeal from special term.

DYKMAN, J.    This action was brought to trial in June, 1887, and the following is an extract from the minutes of the trial, while the plaintiff was under examination as a witness in his own behalf: "*By the Court.    Question.* When was your first conversation? *Answer.* For the year 1886? *Q.* Yes.

*A.* On December 3d. *Court.* The court has misunderstood it as December 30th. I will allow the plaintiff to amend." The trial then proceeded, and resulted in a verdict for the plaintiff. The defendant appealed to the general term, where the judgment was reversed, and a new trial ordered. After the decision of the general term the plaintiff's attorney served upon the attorney for the defendant a proposed order for the amendment of the complaint in several particulars, with a notice that the same would be presented for settlement at the special term on the 24th day of March, 1888. On the 3d day of April the order was settled substantially as proposed, allowing the plaintiff to amend in accordance therewith. From that order the defendant has appealed to this court. The statement in the first part of the order appealed from, that a motion was made by the plaintiff upon the trial of this action to amend his complaint, which was granted, is an incorrect recitation of the facts which occurred on the trial, as appears from the extracts of the minutes already given. There was no motion made for the amendment of the complaint, and there was no order for such amendment. There was merely a statement by the trial judge that he would allow the plaintiff to amend, without any specific recitation of such amendment. There was no amendment, and the trial proceeded as though no such remark had been made by the trial judge. Neither was there any motion subsequently made for such an amendment, so that the complaint had never been amended by order of the court. When this order was proposed, no motion had been made for any amendment, and the defendant had been allowed no opportunity to oppose any motion for an amendment. The practice adopted, therefore, is plainly irregular and misleading, and the order appealed from should be reversed, with $10 costs, and disbursements.